UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NOSHERWAN KHAN RAJA,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>Defendant. | Case No.: 2:19-cv-00757-GMN-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>**Re:  ECF No. 10** |

Presently before the Court is Plaintiff's Amended Complaint. ECF No. 10. On August 16, 2019, this Court granted Plaintiff's Application for Leave to Proceed *In Forma Pauperis* and dismissed Plaintiff's Complaint without prejudice for failure to state a claim upon which relief can be granted, but with leave to amend. ECF No. 7. Plaintiff attached a Notice of Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") to his Complaint that showed he untimely filed his charge of discrimination with the Nevada Equal Rights Commission ("NERC"). ECF No. 2-1 at 7. However, the EEOC letter only referred to when Plaintiff signed and filed his charge of discrimination and contained no information about when he commenced his efforts to file the charge. *Id*. at 5. Therefore, the Court could not determine whether Plaintiff's claims were timely. ECF No. 7 at 2. With respect to the substance of his religion and national origin discrimination claims, the Court found Plaintiff failed to allege "sufficient facts to establish more than he is a member of a protected class and that he suffered an adverse employment action." *Id*. at 3.

In his Amended Complaint, Plaintiff states: (1) he is a Muslim from Pakistan; (2) he was qualified for employment as he passed Defendant's hiring process up until the polygraph examination; (3) "non-Muslims and white candidates" were given preferential treatment in the hiring process; and, (4) he was denied employment because he is a non-white candidate from a Muslim country. ECF No. 10 at 1-2 (internal alterations omitted). These allegations are sufficient to state claims for Title VII religious and national origin discrimination. *Shepard v. Marathon Staffing, Inc.*, Case No. 2:13-cv-02261-JCM-PAL, 2014 WL 2527149, at \*2 (D. Nev. June 4, 2014). However,

Plaintiff has not attached any documentation as to when he commenced his efforts to file his charge of discrimination with the NERC. Thus, the Court is still unable to ascertain whether Plaintiff's claims are timely or untimely. The Court recommends providing Plaintiff with **one** more opportunity to demonstrate he timely commenced the charging process with the EEOC. Absent such demonstration, the Court will recommend dismissal of Plaintiff's action with prejudice.

Accordingly,

IT IS HEREBY RECOMMENDED that Plaintiff's Amended Complaint (ECF No. 10) be DISMISSED without prejudice with leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff be given **thirty (30) court days** from the date this Report and Recommendation is accepted and adopted to file a second amended complaint correcting the above deficiency, with the following admonishment: Plaintiff is advised that if he files a second amended complaint, the Amended Complaint (ECF No. 10) no longer serves any function in this case. As such, the second amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's second amended complaint complete. Failure to comply with this Order shall result in a recommendation that this case be dismissed.

DATED THIS 10th day of September, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address

1  and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal
2  factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir.
3  1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).